UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FAHIMA H.,[1]

                          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

DECISION & ORDER

20-CV-0292MWP

**PRELIMINARY STATEMENT**

        Plaintiff Fahima H. ("plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 16).

        Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 13, 14). For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

## DISCUSSION

**I.      Standard of Review**

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards.  *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted).  Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence."  *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  To the extent

2

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations (the "Listings");

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform [her] past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

3

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## II.     Procedural History

Plaintiff protectively filed for SSI on June 4, 2013. (Tr. 115).[2] That application was denied by an ALJ on September 12, 2016. (Tr. 11-24). On appeal, the United States District Court for the Western District of New York ordered a remand agreed to by plaintiff and the Commissioner on March 15, 2018, and a judgment remanding the action was issued on March 19, 2018. (Tr. 568). On May 8, 2018, the Appeals Council entered an order remanding the case to the ALJ. (Tr. 569-74). In that order, the Appeals Council noted that plaintiff had filed a subsequent application for SSI on July 27, 2017, and directed the ALJ to consolidate the claims and issue a new decision. (*Id.*). On February 13, 2020, the ALJ concluded that plaintiff was not disabled. (Tr. 485-501). Plaintiff commenced this lawsuit on March 11, 2020. (Docket # 1).

## III.    The ALJ's Decision

In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. Under step one of the process, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 4, 2013, the application date. (Tr. 485-501). At step two,

---

[2] The administrative transcript (Docket ## 10-11) shall be referred to as "Tr. ___," and references thereto utilize the internal Bates-stamped pagination assigned by the parties.

the ALJ concluded that plaintiff had the following severe impairments: degenerative joint disease of the right knee and lumbar degenerative disc disease. (*Id.*). At step three, the ALJ found that plaintiff did not have an impairment (or combination of impairments) that met or medically equaled one of the listed impairments in the Listings. (*Id.*).

The ALJ concluded that plaintiff retained the RFC to perform a full range of medium work with some non-exertional limitations owing to her difficulty communicating in English. (*Id.*). Specifically, the ALJ concluded that plaintiff did not have the facility to perform any work requiring a significant amount of English speaking, although she was able to learn specific vocational preparation level 2 tasks taught in English. (*Id.*). At steps four and five, the ALJ found that plaintiff did not have any past relevant work, but that other jobs existed in significant numbers in the national economy that, based on her age, education, work experience, and RFC, plaintiff could perform, such as laundry worker II and kitchen helper. (*Id.*). Accordingly, the ALJ found that plaintiff was not disabled. (*Id.*).

IV.     **Plaintiff's Contentions**

Plaintiff contends that the ALJ's determination that she was not disabled is not supported by substantial evidence and is the product of legal error. (Docket # 13-1). First, she challenges the ALJ's RFC assessment on the grounds that the ALJ failed to give appropriate weight to the opinion of her treating physician. (Docket ## 13-1 at 16-19; 15). Next, she maintains that the RFC assessment is flawed because the ALJ accorded the most weight to the opinion of consultative physician Hongbiao Liu, M.D., but failed to account for the limitations he assessed. (Docket # 13-1 at 19-25). Finally, plaintiff maintains that the ALJ failed to account for both severe and nonsevere impairments when formulating the RFC. (*Id.* at 25-27).

V.     **Analysis**

An individual's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96–8p, 1996 WL 374184, *2 (1996)). In making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 221 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). "To determine RFC, the ALJ must consider all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and [p]laintiff's subjective evidence of symptoms." *Stanton v. Astrue*, 2009 WL 1940539, *9 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), *aff'd*, 370 F. App'x 231 (2d Cir. 2010).

Liu conducted a physical examination of plaintiff on October 26, 2017, and opined that she had "moderate limitations for prolonged walking, bending, and overhead reaching." (Tr. 820-25). The ALJ stated that he accorded Liu's opinion "significant weight" because it was rendered by an acceptable medical source with program knowledge and supported by a detailed examination. (Tr. 498). He also found that the opinion was consistent with clinical findings and plaintiff's longitudinal treatment records. (*Id.*). He did, however, discount the portion of the opinion that stated that plaintiff's use of a cane was medically necessary, concluding that it was unsupported by the record. (*Id.*). As for the other opinions in the record assessing plaintiff's physical limitations, the ALJ accorded them less weight, concluding they either overstated or understated plaintiff's functional limitations. (*Id.* at 498-99). As previously

6

noted, the ALJ ultimately concluded that plaintiff could perform the full range of medium work without other physical limitations. (Tr. 492).

Medium work requires the ability to lift up to fifty pounds at a time and the ability to frequently lift or carry objects weighing up to twenty-five pounds. 20 C.F.R. § 404.1567(c); SSR 83-10, 1983 WL 31251, *6 (1983). Such works requires the ability to stand or walk for approximately six hours during an eight-hour workday and to engage in frequent bending or stooping. SSR 83-10, 1983 WL 31251 at *6. Thus, in order to engage in medium work, flexibility of the knees and torso is important and the ability to be "on one's feet for most of the workday is critical." *Id.*

Plaintiff challenges the ALJ's RFC assessment on the grounds that the ALJ failed to properly account for the walking, bending, and reaching limitations assessed by Liu, despite according his opinion "significant weight." (Docket # 13-1 at 19-25). Plaintiff also challenges the ALJ's determination to discount the portion of Liu's opinion that stated that plaintiff's use of a cane was medically necessary. (*Id.*). The Commissioner disagrees, maintaining that the ALJ "did not rely only on [Liu's] opinion when evaluating [p]laintiff's back pain" and that the ALJ properly discounted Liu's statement regarding the use of a cane. (Docket # 14-1 at 16-17).

Setting aside the issue of whether the ALJ's conclusion that plaintiff could perform the walking and bending requirements of medium work is supported by Liu's opinion that plaintiff had moderate limitations in those functions, *see Harrington v. Colvin,* 2015 WL 790756, *14 (W.D.N.Y. 2015) ("[a]lthough some caselaw suggests that moderate or severe limitations in prolonged walking are inconsistent with full range light or medium work, . . . other courts do not consider an opinion assessing moderate limitations for sitting, standing and walking inconsistent with a determination that claimant can perform the requirements of light or

medium work"), I agree with plaintiff that the ALJ's complete failure to address the overhead reaching limitation assessed by Liu warrants remand. As a general matter, "the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,'" *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quoting *Gecevic v. Sec. of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995)), and there is no "absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, 2015 WL 1524417, *8 (N.D.N.Y. 2015). Yet, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d at 297 (quoting Soc. Sec. Ruling 96-8p, 1996 WL 374184, *7 (1996)). Accordingly, an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions. *See Younes v. Colvin*, 2015 WL 1524417 at *8 (although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an administrative law judge must have a sound reason for weighting portions of the same-source opinions differently"); *Phelps v. Colvin*, 2014 WL 122189, *4 (W.D.N.Y. 2014) ("[t]he selective adoption of only the least supportive portions of a medical source's statements is not permissible") (internal quotations and brackets omitted); *Caternolo v. Astrue*, 2013 WL 1819264, *9 (W.D.N.Y. 2013) ("[i]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination") (internal quotations omitted) (collecting cases); *Searles v. Astrue*, 2010 WL 2998676, *4 (W.D.N.Y. 2010) ("[a]n ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified").

Although the ALJ accorded "significant weight" to Liu's opinion, he seemingly did not account in the RFC for the overhead reaching limitations Liu assessed. Nor did he indicate that he was rejecting that portion of the opinion. Rather, in his decision, the ALJ completely ignores the overhead reaching limitations identified by Liu, and I am unable to determine whether the ALJ considered them or overlooked them altogether.[3] *Allen v. Comm'r of Soc. Sec.*, 2012 WL 4033711, *9 (N.D.N.Y. 2012) ("[b]ecause the ALJ failed to explain why portions of [the nurse practitioner's and doctor's] medical source statements were not adopted, the [c]ourt finds that the ALJ did not apply the correct legal standard in determining [p]laintiff's RFC assessment"); *Overbaugh v. Astrue*, 2010 WL 1171203, *9 (N.D.N.Y. 2010) ("[b]ecause the ALJ offered no explanation for failing to include the limitations into plaintiff's RFC, the [c]ourt is unable to determine how the ALJ arrived at plaintiff's RFC[;] [t]he ALJ's failure to explain why he disregarded portions of [the doctor's] assessment, while simultaneously assigning it controlling weight, constitutes legal error"); *May v. Barnhart*, 2007 WL 203986, *5 (D.N.H. 2007) ("[i]n light of the ALJ's failure to address the opinion of [mental health counselor and doctor] that claimant's impairments will cause her to be absent from work more than three days each month, the most prudent course is to remand this matter for further proceedings"); *Dioguardi*, 445 F. Supp. 2d at 298 ("[w]ith no explanation provided, it is not possible for the [c]ourt to know why . . . the ALJ chose to disregard the evidence that was more favorable to plaintiff's claim[;] [h]er failure to reconcile the RFC assessment with medical source statements was error, and based upon the testimony given by the vocational expert, the failure was not harmless").

---

[3] By contrast, there is little doubt that the ALJ considered and ultimately rejected Liu's statement that plaintiff's use of a cane was medically necessary – a determination which the plaintiff also challenges. (Tr. 498).

9

Remand is especially appropriate where, as here, the requirements of the positions identified by the vocational expert appear inconsistent with the reaching limitations assessed by Liu. *See Linda H. v. Comm'r of Soc. Sec.*, 2021 WL 2075437, *4 (W.D.N.Y. 2021) ("[t]he ALJ's 'failure to reconcile the RFC assessment with Dr. Liu's medical source statement was error, and based upon the testimony given by the vocational expert . . . , that failure was not harmless'") (quoting *Dioguardi*, 445 F. Supp. 2d at 298). In his decision, the ALJ concluded that plaintiff was capable of performing the positions of laundry worker II and kitchen helper. As noted by plaintiff, however, the laundry worker position requires frequent – meaning up to 2/3 of the time – reaching, while the kitchen helper position requires constant – meaning more than 2/3 of the time – reaching. *See* DICOT 361.685-018, 1991 WL 672987 (1991) (laundry worker II); DICOT 318.687-010, 1991 WL 672755 (1991) (kitchen helper). Thus, the two jobs that the ALJ relied upon to render his non-disability determination both require at least frequent reaching throughout the workday. Under such circumstances, the ALJ's failure to address the reaching limitation assessed by Liu by explicitly incorporating it into the RFC, explicitly rejecting it, or otherwise explaining how the RFC nevertheless accounted for it was error requiring remand. *See Linda H. v. Comm'r of Soc. Sec.*, 2021 WL 2075437 at *4 (remanding where "all three jobs the ALJ found that [plaintiff] could perform would require [plaintiff] to do things that [Liu] did not think she could do"); *Kimberly M. v. Comm'r of Soc. Sec.*, 2020 WL 6947346, *3 (W.D.N.Y. 2020) (remanding where "all three jobs that the VE identified, . . . and that the ALJ relied on to find that [plaintiff] was not disabled . . . require *frequent* reaching, . . . something [Liu] opined that [plaintiff] could not do"); *Riso v. Saul*, 2020 WL 1514697, *3 (W.D.N.Y. 2020) ("the ALJ failed to explain the reasoning for his conclusion that plaintiff's 'mild to moderate' limitations in reaching were consistent with the ability to reach 'frequently,'

as required for both the positions the Commissioner relied upon to demonstrate that there was other work plaintiff could perform[;] . . . remand is necessary for the ALJ to explain how his RFC finding accounted for the [reaching] limitations described by [consulting doctor], and/or upon what basis he rejected them").

As noted above, plaintiff also challenges the ALJ's determination on the separate grounds that he improperly applied the treating physician rule and failed to consider non-severe impairments. (Docket # 13-1 at 16-19, 25-27). In light of my determination that remand is otherwise warranted, I decline to reach plaintiff's remaining contentions. *See Erb v. Colvin*, 2015 WL 5440699, *15 (W.D.N.Y. 2015) (declining to reach remaining challenges to the RFC and credibility assessments where remand requiring reassessment of RFC was warranted). I note that plaintiff's claims have now been pending for a substantial period of time; she initially filed her application for SSI on June 4, 2013 (Tr. 110), and this is the second time this matter has been remanded by the district court for further administrative proceedings. On remand, the Commissioner is urged to evaluate plaintiff's claim as expeditiously as possible.

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 14)** is **DENIED**, and plaintiff's motion for judgment on the pleadings **(Docket # 13)** is **GRANTED** to the extent that the Commissioner's decision is reversed, and this

case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this decision.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August 16, 2021